UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
United States of America,

                                                      88-CR-0377 (CPS)

      - against -                    SENTENCING
                                                    MEMORANDUM
Ted M. Marzouca,

                   Defendant.
----------------------------------------X

SIFTON, Senior Judge.

On October 12, 1988, defendant Ted Marzouca ("Marzouca") was convicted of (1) conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); and (2) possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Marzouca was sentenced to concurrent terms of 292 months of imprisonment on both counts. Presently before this Court is defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] For the reasons set forth below, defendant's motion is granted.

---

[1] 18 U.S.C. § 3582(c)(2) states:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

## BACKGROUND

On October 12, 1988, Marzouca was convicted, following a jury trial, of (1) conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); and (2) possession of more than fifty grams of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).

At Marzouca's sentencing, this Court adopted the Presentence Investigation Report (PSR) finding Marzouca responsible for 454.7 grams of cocaine base ("crack") and 1.162 kilograms of powder cocaine ("cocaine"). Converting the 454.7 grams of crack to 45.47 kilograms of cocaine, defendant was found responsible for a total amount of 46.6 kilograms of cocaine. The corresponding base offense level was 34.

After a *Fatico* hearing, this Court found that defendant was the manager or supervisor of a group engaged in a narcotics offense and added three levels to his base offense level pursuant to United States Sentencing Guideline ("Sentencing Guideline") § 4B1.1. An additional two points were added for use of a firearm in connection with the offense. With a total offense level of 39 and a criminal history category of II, the applicable sentencing range for Marzouca's offense was 292 to 365 months. Marzouca was sentenced to the bottom of the range, with concurrent terms of 292 months imprisonment.

Marzouca was subsequently re-sentenced to 240 months imprisonment on the conspiracy claim, based on this Court's finding that the 292-month conspiracy sentence previously imposed exceeded the statutory maximum. *See Marzouca v. United States*, No. 93-CV-4813 (E.D.N.Y. September 18, 1995). However, Marzouca's overall sentence was unaffected, since the sentence on the possession count remained 292 months, and the sentences on both counts were to run concurrently.

On November 1, 2007, Amendment 706, as further amended by Amendment 711, to Sentencing Guideline § 2D1.1 took effect. Amendment 706, as further amended by Amendment 711, generally reduces by two levels the base offense levels applicable to crack offenses. On December 11, 2007, the United States Sentencing Commission (the "Sentencing Commission") voted to apply the amendments to Sentencing Guideline § 2D1.1 retroactively, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, which implemented the retroactive application of amended Sentencing Guideline § 2D1.1, as of March 3, 2008.

Defendant filed the instant *pro se* motion on January 2, 2008.

On April 16, 2008, the Sentencing Commission amended the commentary to Sentencing Guideline § 2D1.1 as well as Policy Statement § 1B1.10, effective May 1, 2008, in order to revise

"the manner in which combined offense levels are determined in cases involving cocaine base . . . and one or more other controlled substance." *Notice of final action regarding amendments to a policy statement and commentary effective May 1, 2008*, 73 Fed. Reg. 23521-01 (April 30, 2008). The amended commentary addresses situations in which crack was not the only drug involved in the offense. The new amendment deals with such cases by (1) re-instituting the drug equivalency (or conversion) table for crack that existed prior to Amendment 706 to determine the quantity of marijuana that is equivalent to the quantity of crack involved (1 gram of crack again equals 20 kilograms of marijuana), (2) adds that quantity of marijuana to the quantity of marijuana made the equivalent to the quantity of other drug or drugs involved in the case, (3) determines the appropriate offense level for the combined quantity of marijuana, and then (4) provides for a two-level reduction to that base offense level because the offense involved crack. The amendment provides for three exceptions to the application of the two-level reduction: (1) if the offense involved 4.5kg or more of crack; (2) if the offense involved less than 250mg of crack; and (3) if the combined offense level is less than the combined offense level that would apply if the offense involved only the other controlled substances.

Defendant Marzouca has been in custody since June 7, 1988.

While incarcerated, Marzouca has completed several education programs, including an Adult Basic Education course, a vocational training program in masonry, a 120 hour residential electric course, a 40-hour drug education course, and a 20-hour drug abuse education group. In 2007, Marzouca was transferred to a federal correctional institution in Post, Texas, where it was recommended that he enroll in adult continuing education classes and correctional counseling. Marzouca has not participated in either program.

Marzouca has been disciplined sixteen times while incarcerated. Most recently, in January 2008, he was sanctioned for refusing to obey an order and was given 30 hours extra duty. Prior to January 2008, he was sanctioned once in 2004, three times in 2003, once in 2002 and 2001, twice in 1999 and 1998, once in 1995, 1994, and 1993, and twice in 1992.

The three most serious incidents for which he has been sanctioned involved assault or disruptive conduct. In October 2003, he was sanctioned for assault without serious injury and was segregated for 30 days, lost 27 days of good time credit, and had his commissary privileges restricted for six months. In November 2002, he was sanctioned for disruptive conduct, for his role in encouraging an assault of another inmate. He was segregated for 30 days and his privileges were restricted for 90 days. On October 9, 1994, he was sanctioned for assault with a

serious injury and possession of a hazardous tool. According to the Bureau of Prisons (BOP), defendant slashed another inmate in the face with a retractable razor blade, causing the victim to receive 50 stitches. Defendant was segregated for 27 days, lost 27 days of good time credit and 30 days of commissary privileges and was recommended for a disciplinary transfer.

The other incidents for which Marzouca has been sanctioned have been in connection with the refusal to obey orders, possession of unauthorized items, giving another inmate stamps and his telephone access code without authorization, using a telephone without authorization, violating visiting regulations, being in an unauthorized area, and failing to follow safety regulations. The sanctions for these incidents have ranged from extra work duty, loss of commissary privileges for 60 days, loss of visitation privileges for 30 to 60 days, loss of telephone privileges for 30 to 90 days, segregation for 7 to 15 days, loss of 13 days of good time credit, and loss of a job.

The U.S. Department of Homeland Security Immigration and Customs Enforcement (ICE) has lodged an immigration detainer against defendant, who is a citizen of Jamaica.

Defendant's projected release date is November 29, 2009.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2), this Court may modify the sentence of a defendant whose term of imprisonment was based

on a sentencing range that has since been lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). Because the Sentencing Commission voted to apply both amendments to Sentencing Guideline § 2D1.1 retroactively, I may consider Marzouca's eligibility for a reduction in his sentence.

Since defendant's offense involved both powder cocaine and crack, this Court converts the quantity of both drug types to the equivalent amounts of marijuana, and finds the corresponding base offense level for the resulting amount of marijuana. See U.S.S.G. § 2D1.1, comment. (n. 10). According to the amended Sentencing Guidelines, 454.7 grams of crack is equivalent to 9,094 kilograms of marijuana and 1.162 kilograms of powder cocaine is equivalent to 232.4 kilograms of marijuana for a total of 9,326.4 kilograms of marijuana. Id. The corresponding base offense level is 34, from which two levels are deducted, for a resulting base offense level of 32. Applying a five point enhancement for use of a firearm and for his leadership role in the offense, the total offense level is 37. With a criminal history category of II, the recommended sentencing range is 235-293 months, which is lower than the applicable sentencing range at the time of defendant's original sentencing. To date, defendant has served approximately 239 months and is eligible for a "time served" sentence. Under his original sentence, he will be released approximately 18 months from now.

I next consider the 18 U.S.C. § 3553(a) factors, in particular, the potential threat of the defendant to the safety of the community and his post-sentencing conduct. *See* U.S.S.G. § 1B1.10, p.s., comment. (n.1(B)(ii)and(iii)).

Defendant has been incarcerated for nearly twenty years. While incarcerated, defendant has participated in various educational programs. Although defendant has had a far from perfect disciplinary record while incarcerated, I am not persuaded that his record necessitates the denial of the motion for a sentence reduction. The most serious incident, assault with serious injury, occurred nearly fourteen years ago. Two other incidents involving assault occurred approximately five and six years ago and neither involved serious injury. The remaining incidents were relatively minor in nature. Defendant has been punished for each of his disciplinary infractions. Another 18 months of imprisonment is not likely to accomplish what twenty years have not already accomplished and seems unjust if not vindictive. Defendant is now approximately fifty years of age. "Recidivism rates decline relatively consistently as age increases." U.S. Sentencing Commission, *Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines,* at 12 (2004). As a citizen of Jamaica with an immigration detainer lodged against him, defendant faces the likelihood of deportation. Accordingly, consideration of the 18

U.S.C. § 3553(a) factors, including his personal characteristics and criminal history, the nature of the underlying offense, the need for protection of the public, deterrence, just punishment for the offense and respect for the law persuade me that a sentence of time served as of May 21, 2008 is appropriate.

## CONCLUSION

For the reasons set forth above, defendant's motion for a reduction in his sentence is granted. The Clerk is directed to transmit a copy of the within to the parties.

SO ORDERED.

Dated :   Brooklyn, New York
          May 21, 2008

By: _____s/Hon. Charles P. Sifton_____
                United States District Judge